1
2
3
4
5
6
7        **UNITED STATES DISTRICT COURT**
8            **DISTRICT OF NEVADA**
9

10   TERRIS R. JONES SR.,

11        Plaintiff,                        Case No. 2:12-CV-000282-KJD-CWH

12   v.                                     **ORDER**

13   LAS VEGAS VALLEY WATER
     DISTRICT, *et al.*,
14
15        Defendants.

16

17        Presently before the Court is the Motion to Dismiss and Request to Deem Plaintiff a

18   Vexatious Litigant of Defendants, Lee Brewer, Las Vegas Valley Water District, Patricia Maxwell,

19   Frank Milligan, Pat Mulroy, Juan Sanjurjo, Alan Schmidt, Gary Wessell (collectively "Defendants")

20   (#9). Plaintiff Terris Jones filed a response in opposition (#11) to which Defendants replied (#16).

21   Plaintiff then filed a surreply (#17).

22        Additionally, before the Court is the Motion to Dismiss of Defendant Hyman Walker

23   ("Walker") (#22). Plaintiff filed a response (#24) to which Walker replied (#26).

24        Also, before the Court is Plaintiff's Motion for Judgment on the Pleadings (#13). Defendants

25   filed a response in opposition (#19) to which Plaintiff replied (#21).

26

I. Background and Procedural History

Plaintiff is currently a security officer at Las Vegas Valley Water District ("LVVWD"), where he has been employed since February 2007. On May 31, 2011 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC assigned the matter to charge number 487-2010-00905 that was already open and concerned many of the same parties. On June 8, 2011 the EEOC sent correspondence to Plaintiff notifying him of the mistake and informed Plaintiff that going forward the charge number would be 487-2011-00822.

According to the allegations of the complaint, on October 27, 2011 a new LVVWD Security Daily Work Schedule was posted in three different locations. The schedule listed Richard Fox ("Fox") as the Lead Security Officer ("LSO"). Plaintiff brought the schedule to Gary Wessell ("Wessell"), Alan Schmidt, and Frank Milligan ("Milligan"). LVVWD rescinded the schedule.

Although the Court did not consider these facts in resolving the Motion to Dismiss, Defendants in response assert that on November 9, 2011 Plaintiff emailed Wessell about a newly posted LVVWD Security Daily Work Schedule, asking whether security officer Richard Fox should have been assigned the Lead Security Officer ("LSO") on the graveyard shift. Wessell responded to the email clarifying that there was no LSO on the graveyard shift and the schedule was corrected. That same day, Milligan also responded to Plaintiff's email informing Plaintiff the revised schedule was published. Although Wessell and Milligan attempted to fix the mistake, Plaintiff sent a "Complaint for Harassment, Negligent, [and] Negligent Intentional Infliction of Emotional Distress" to LVVWD Human Resources.

On December 2, 2011, Plaintiff sent a letter to the Las Vegas Local Office of the EEOC requesting a right to sue letter. On December 23, 2011, Plaintiff received a notice of right to sue from the EEOC, which the EEOC rescinded on January 11, 2012. On February 6, 2012 Plaintiff again sought a response from the EEOC. On February 22, 2012 Plaintiff filed the present Complaint for Damages alleging five causes of action.

A.  First Cause of Action

Plaintiff alleges LVVWD, Pat Mulroy ("Mulroy"), and Patricia Maxwell ("Maxwell") "intentionally, politically, conspiring behavior denied [P]laintiff his rights when they negated their responsibility to respond to [P]laintiff's complaint(s) filed with Human Resources on May 16, 2011 and November 14, 2011."

B.  Second Cause of Action

Plaintiff alleges Defendants and Walker were "negligent," "discriminative," "retaliative" [sic], "conspirators," and "[abused] their authority to intentionally intimidate and/or inflict emotional distress on [P]laintiff" when Defendants and Walker "breached the written contract between [P]laintiff and LVVWD, which said that LVVWD is an 'Equal Opportunity Employer.'"

C.  Third Cause of Action

Plaintiff alleges he received an email on May 10, 2011, from Wessell advising Plaintiff that he must complete a mandatory "Utility Cart Operation Training." Plaintiff contends Wessell "knew or should have known that [P]laintiff had already complied with the training regulation, this email from Wessell was harassment to [P]laintiff." Additionally, Plaintiff alleges that his Utility Cart Training Evaluation Form was falsified and he is "the only Security Officer treated this way."

D.  Fourth Cause of Action

Plaintiff alleges that Wessell and Juan Sanjurjo "negated their responsibilities to [P]laintiff, in that they excluded and isolated [P]laintiff from normal and routine department functions." Plaintiff contends this has created a hostile work environment and Defendants and Walker did this in retaliation after Plaintiff filed an EEOC Charge.

E.  Fifth Cause of Action

Plaintiff alleges on October 27, 2011 he was physically, mentally, and emotionally impacted when a "LVVWD Security Daily Work Schedule" listed Richard Fox as the LSO.

//

//

3

1   II. Motion to Dismiss

2        A. Legal Standard for Motion to Dismiss

3        Pursuant to Fed. R. Civ. P. Rule 12(b)(6), "failure to state a claim upon which relief can be

4   granted," is basis to dismiss a complaint. FRCP 12(b)(6). "To survive a motion to dismiss, a

5   complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

6   plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v.*

7   *Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that

8   the plaintiff has pleaded facts, which allow "the court to draw the reasonable inference that the

9   defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation illustrates a two-prong

10  analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the

11  assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely

12  conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they

13  plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state plausible claims for

14  relief, such claims survive the motion to dismiss. *Id*. at 1950.

15       B. Title VII Claims

16       Title VII states, "[i]t shall be unlawful employment practice for an employer (1) to fail or

17  refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or

18  privileges of employment, because of such individual's race… or (2) to limit, segregate, or classify

19  his employees or applicants for employment in any way which would deprive or tend to deprive any

20  individual of employment opportunities or otherwise adversely affect his status as an employee,

21  because of such individuals race…" 42 U.S.C. § 2000E(2)(a)(1)-(2). For Title VII purposes,

22  employer is defined as a "person engaged in an industry affecting commerce who has fifteen or more

23  employees…" *Id*. at § 2000E(b). To seek relief under Title VII, a plaintiff must exhaust his

24  administrative remedies by filing a Charge with the EEOC or corresponding state agency before

25  filing suit. 42 U.S.C. § 2000e(5)(b).

26

4

1          1.   Claims Against Individuals

2          Title VII claims can only be asserted against employers, not upon individual

3    employees. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Even if Plaintiff

4    seeks relief based on a state tort law, he cannot plead around Title VII's ban on individual liability.

5    *See Christion v. Nevada Public Works Board*, 2009 WL 1407990 (D. Nev. 2009). Here, Plaintiff

6    raises claims against individual LVVWD employees in each cause of action. It is undisputed that

7    Plaintiff's causes of action allege a retaliatory or discriminatory act under Tile VII. Accordingly, the

8    claims against individual employees are dismissed.

9          2.   Failure to Exhaust Administrative Remedies

10         In order for a plaintiff to assert claims that do not appear in the EEOC Charge, the

11   plaintiff must demonstrate that the new claims are like or reasonably related to the allegations of

12   those in the EEOC Charge. *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472,

13   1475-76 (9th Cir. 1989). If the allegations are not like or reasonably related the court should not

14   consider them. *Id*.

15         LVVWD argues that Plaintiff's first, second, and fifth causes of action contain new

16   allegations from the EEOC Charge and should not be considered by the Court. Plaintiff's EEOC

17   Charge raised the issues of retaliatory exclusion from workplace activities, being questioned about

18   his completed training, and the alleged presence of a hostile work environment.

19              i.   First Cause of Action

20         Plaintiff alleges LVVWD, Mulroy, and Maxwell "negated their responsibility

21   to respond to [P]laintiff's complaint(s) filed with Human Resources on May 16, 2011 and November

22   14, 2011." The claim contains specific individuals and dates and the incidents occurred after Plaintiff

23   filed the EEOC Charge. Because the claim is not related to the claims within the Charge, the first

24   cause of action is dismissed.

25   //

26   //

1               ii.  Second Cause of Action

2         Plaintiff alleges eight individuals "[abused] their authority to intentionally

3 intimidate and/or inflict emotional distress on [P]laintiff" when Defendants and Walker breached

4 LVVWD's written contract with Plaintiff. However, the EEOC charge does not mention an existence

5 of contract between Plaintiff and the LVVWD. Accordingly, the second cause of action is dismissed.

6              iii.  Fifth Cause of Action

7         Plaintiff alleges he was physically, mentally and emotionally impacted from a

8 typographical error on the LVVWD Security Daily Work Schedule. This allegation is also a specific

9 incident occurring after the EEOC Charge and is not related. Accordingly, the fifth cause of action is

10 dismissed. Even if the Court were to find that any one of the three charges are related to the EEOC

11 Charge, the Court would still dismiss the claims, see infra.

12          3.  Race Discrimination

13         To claim employment discrimination under Title VII a plaintiff has the burden of

14 showing: (1) membership in a protected group; (2) qualification for the job in question; (3) an

15 adverse employment action; and (4) circumstances supporting an inference of discrimination.

16 *McDonnell Douglas Corp. v. Green*, 411 US 792, 37 L Ed 2d 668, 93 Ct 1817 (1973).

17         Only non-trivial employment actions that deter reasonable employees from

18 complaining about Title VII violations constitute adverse employment actions. *Brooks v. City of San*

19 *Mateo*, 229 F. 3d 917, 928 (9th Cir. 2000). These types of actions include termination, dissemination

20 of negative employment reference, issuance of a negative performance review or a refusal to consider

21 an employee for promotion. *Id*. An action other than a termination or demotion requires some kind of

22 meaningful change in work assignment. *See Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002).

23 Additionally, an employer's action must be "final or lasting" to be considered an adverse

24 employment action. *Id*. at 929-930.

25         The parties do not dispute that Plaintiff is a member of a protected group and is

26 qualified for the job. However, LVVWD argues that Plaintiff has not suffered any final or lasting

adverse employment action. Plaintiff has not alleged that he lost his position, was demoted, failed to receive a due promotion, had his rate of pay changed or had any of his benefits of employment at LVVWD altered. Finally, Plaintiff's only reference to racial discrimination is found in his EEOC Charge where the box "RACE" is checked under the section labeled "DISCRIMINATION BASED ON."

### i.   First Cause of Action

Plaintiff alleges that LVVWD failed to take action in connection with Plaintiff's May 16, 2011 and November 14, 2011 complaints. Even if the allegation is true, Plaintiff does not identify how the failure to act was an adverse employment action. Further, Plaintiff has not demonstrated how LVVWD's decision to not act caused him harm. Plaintiff had at his disposal, and took advantage of, his right to file a Charge of Discrimination with the EEOC. Therefore, this claim is dismissed, because it is not an adverse employment action.

### ii.   Second Cause of Action

Plaintiff alleges that LVVWD was negligent, discriminative, retaliative [sic], intimidating and did not treat other employees the same way as Plaintiff. Plaintiff's allegations are conclusory and do not state that an adverse employment action occurred. Therefore, this claim is dismissed.

### iii.   Third Cause of Action

Plaintiff alleges that an email from Wessell improperly identified that Plaintiff had not yet completed his "Utility Cart Operation Training" and the training form was later falsified. However, as Plaintiff alleges, the mistake was corrected and Plaintiff does not allege that he was subject to an adverse employment action. Therefore, this claim is dismissed.

### iv.   Fourth Cause of Action

Plaintiff alleges exclusion and isolation from work meetings. Because this allegation does not constitute a significant change in employment status it is insufficient to form the basis for an adverse employment action and is dismissed.

v.  <u>Fifth Cause of Action</u>

Plaintiff alleges that the LSO position appearing on the posted LVVWD Security Daily Work Schedule impacted him physically, mentally and emotionally. As Plaintiff alleges, LVVWD rescinded the schedule listing the LSO position. Plaintiff has not alleged the incident was a final or lasting employment action. Therefore, Plaintiff's race discrimination claim is dismissed.

4.  <u>Racial Harassment/Hostile Work Environment</u>

To establish an actionable claim for hostile work environment a plaintiff must prove: "(1) that he or she was subjected to verbal or physical conduct of a harassing nature, (2) that the conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment." *Pavon v. Swift Transp. Co. Inc.*, 192 F.3d 902, 908 (9th Cir. 1999) (citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S. Ct. 2399, 91 L.Ed.2d 49 (1986)). Courts have held that the conduct must involve "discriminatory intimidation, ridicule, [and/or] insult." *Id.* An employer will be liable for harassment by a co-worker if the employer does not exercise reasonable care to prevent the harassing behavior. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807-8 (1998).

Plaintiff alleges LVVWD employees conspired to create a hostile work environment when they discriminated against Plaintiff based on his race. However, Plaintiff's only reference to racial discrimination is found in the checked box on his EEOC Charge. Plaintiff only offers conclusory allegations, that LVVWD subjected him to verbal or physical conduct of a harassing nature, and that the conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment. Accordingly, Plaintiff's hostile work environment claims are dismissed.

5.  <u>Retaliation</u>

To establish a claim of retaliation Plaintiff must show that "(1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal

link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F. 3d 1234, 1240 (9th Cir. 2000). Here, it is undisputed that Plaintiff engaged in a protected activity by making a Charge of Discrimination to the EEOC. However, Plaintiff has not adequately alleged that he was subject to an adverse employment action after he filed the EEOC Charge. Accordingly, Plaintiff's retaliation claim is dismissed.

6.   42 U.S.C. §§ 1981, 1983 Claim

"In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Broam v. Bogan*, 320 F.3d 1023, 1026 n. 2 (9th Cir.2003) (quoting *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998)). Here, Plaintiff alleges in his opposition that Defendants violated 42 U.S.C. §§ 1981, 1983. Plaintiff did not allege these violations in his complaint. Accordingly, these claims are dismissed.[1]

Even if the Court did grant Plaintiff leave to amend the complaint, Plaintiff's allegations would not survive a motion to dismiss. Under Rule 15(a)(2), the Court considers (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party when determining whether a party may amend its pleading. *United States v. Pend Oreille Pub. Util. Dist.*, 926 F.2d 1502, 1511 (9th Cir. 1991). Futility of amendment includes a claim that would be subject to dismissal. *Moore v. Kayport Package Express, Inc.,* 885, F.2d 531, 538 (9th Cir. 1989). Accordingly, to properly plead a section 1983 violation a plaintiff must allege specific facts linking each defendant to a § 1983 violation. *Ortez v. Washington Country*, 88 F.3d 804,809 (9th Cir. 1996). Here, Plaintiff's proposed amendments are futile because Plaintiff fails to allege specific facts linking each defendant to a § 1983 claim. Additionally, Plaintiff identified no facts leading to the conclusion that his alleged injuries were caused by a custom or policy of discrimination implemented by the LVVWD. *See*

---

[1] The Court liberally construes Plaintiff's opposition as a motion to amend, but dismisses it as futile.

1  *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018,

2  2037 (1978).

3     Further, 42 U.S.C. § 1981 is violated if an impaired contractual relationship exists

4  between employee and employer. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S. Ct.

5  1246, 1249-1250 (2006). Plaintiff does not allege that the contractual relationship between himself

6  and LVVWD was tangibly impaired. Therefore, the proposed amendments are futile.

7         7.   Tort and Breach of Contract Claims

8     Plaintiff alleges state law claims for breach of contract, negligence, intentional

9  infliction of emotional distress, and negligent infliction of emotional distress. A district court has

10  discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has

11  original jurisdiction have been dismissed or if the claim raises a novel or complex issue of state law.

12  See 28 U.S.C. § 1367(c).  Since the Court has dismissed all claims over which it has original

13  jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law

14  claims.

15  III. Request to Deem Plaintiff a Vexatious Litigant

16     The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherit power to

17  enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F. 3d 1194,

18  1197 (9th Cir. 1999). However, such pre-filing orders are an extreme remedy that should rarely be

19  used. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "A court should enter a pre-filing

20  order constraining a litigant's scope of actions in future cases only after a cautious review of the

21  pertinent circumstances." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

22  This circuit has held that four factors need to be examined before entering pre-filing orders requiring

23  litigants to obtain permission before filing documents with a court: (1) the litigant must be given

24  notice and a chance to be heard before the order is entered; (2) the district court must compile an

25  adequate record for review; (3) the district court must make substantive findings about the frivolous

26

1    or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order must be narrowly

2    tailored to closely fit the specific vice encountered. *De Long*, 912 F.2d at 1147-1148.

3        First, Plaintiff was given notice through Defendants' present motion to deem Plaintiff a

4    vexatious litigant (#9). Plaintiff did not file points and authorities in opposition to the motion to deem

5    him a vexatious litigant, though he opposed the motion to dismiss (#11).

6        Second, the Court has an adequate record. Plaintiff has filed three EEOC complaints, three

7    lawsuits, one mail fraud complaint, and one complaint seeking criminal prosecution of LVVWD co-

8    workers. With the exception of the complaint for mail fraud, Plaintiff has filed each complaint,

9    charge, and grievance either as a pleading or attached as an exhibit to a pleading within the first,

10    second, and third lawsuits. Plaintiff filed the first lawsuit on November 4, 2010 regarding Plaintiff's

11    first Charge of Discrimination, No. 487-2010-00534. *See* Case No. 2:10-cv-01941-GMN-PAL. That

12    court dismissed all individual Defendants, leaving only the claims against LVVWD.  Moreover, on

13    March 24, 2011, Plaintiff filed a second lawsuit regarding Plaintiff's second Charge of

14    Discrimination, No. 487-2010-00905. *See* Case No. 2:11-cv-00435-KJD-PAL. The Court dismissed

15    all individual Defendants and granted LVVWD's motion for summary judgment. The present case is

16    Plaintiff's third lawsuit regarding Plaintiff's third Charge of Discrimination, No. 487-2011-00822.

17    Here, all individual defendants have been dismissed and LVVWD's motion for summary judgment

18    has been granted.

19        Third, Plaintiff's ongoing Title VII claims against co-workers are both frivolous and of a

20    harassing nature. The co-workers need to have a work place where they are not subject to the constant

21    fear that their everyday actions will result in a civil lawsuit or having their name included in a request

22    for a criminal prosecution based on frivolous allegations. Accordingly, Plaintiff is barred from filing

23    future Title VII complaints against employees in their individual capacities without prior permission

24    of the Court.

25    //

26    //

11

V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants, Lee Brewer, Las Vegas Valley Water District, Patricia Maxwell, Frank Milligan, Pat Mulroy, Juan Sanjurjo, Alan Schmidt, Gary Wessell, Motion to Dismiss and Request to Deem Plaintiff a Vexatious Litigant (#9) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is hereby barred from asserting future Title VII complaints against employees in their individual capacities without prior permission of the Court;

**IT IS FURTHER ORDERED** that Defendant Hyman Walker Motion to Dismiss (#22) is **GRANTED**;

**IT IS FURTHER ORDERED** that all other outstanding motions are **DENIED** as moot;

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGEMENT** for Defendants and against Plaintiff.

DATED this 11th day of July 2012.

Kent J. Dawson
United States District Judge