UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRIS R. JONES, | |
| Plaintiff, | Case No. 2:12-CV-00282-KJD-CWH |
| v. | **ORDER** |
| LAS VEGAS VALLEY WATER DISTRICT, *et al*., | |
| Defendants. | |

      Before the Court is Plaintiff Terris R. Jones' Motion for the Court to Remove an Order Barring Plaintiff from Asserting Future Title VII Complaints (#41). Defendants responded (#42). No reply is necessary for the disposition of this Motion.

      The Court deemed Plaintiff a vexatious litigant and barred him from filing Title VII complaints without prior permission of the Court (#35). Because Plaintiff is *pro se*, the Court construes his pleadings liberally and holds Plaintiff to less stringent pleading standards than those for members of the Bar. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation omitted).

I. Analysis

      Plaintiff's Motion appears to seek reconsideration rather than permission to file suit. However, the Court will address both possibilities.

### A. Petition to File Suit

Plaintiff asserts no more than that the EEOC has mailed "Right-to-Sue" letters, indicating that the EEOC has dismissed Plaintiff's claims. See United States Equal Employment Opportunity Commission, Filing a Lawsuit, (last visited Oct. 4, 2013), http://www.eeoc.gov/employees/lawsuit.cfm. Plaintiff has not petitioned the Court for permission to sue. Further, Plaintiff has failed to provide the Court with any of the relevant details which would enable the Court to determine whether permission to file suit should issue. Accordingly, permission to file suit is **DENIED** without prejudice.

### B. Petition to Reconsider

A motion to reconsider is most appropriately brought under either Rule 59(e) or Rule 60(b). Fed. R. Civ. P. 59(e), 60(b). Under Rule 59(e), the Motion is construed as a Motion to Alter or Amend a Judgment, but "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court's Order was issued July 11, 2012, while Plaintiff's Motion was filed September 13, 2013, more than 14 months later. Further, "[u]nder Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Plaintiff has alleged none of these. Accordingly, Plaintiff's Motion is **DENIED** under Rule 59(e).

Under Rule 60(b), the Motion is construed as a Motion for Relief from a Final Judgment, Order, or Proceeding. Fed. R. Civ. P. 60(b). Plaintiff appears to base his motion on the "illegal[], decietful[], and/or unjust[]" filings of Defendants. Accordingly, Plaintiff's claim appears to arise under Rule 60(b)(3) for fraud, misrepresentation, or misconduct by an opposing party. Id. Motions under Rule 60(b)(3) must be brought within one year. Fed. R. Civ. P. 60(c)(1). As noted above, Plaintiff filed this Motion more than 14 months after this Court's final adjudication of the matter. Further, it is abundantly clear that Plaintiff cannot lay his vexatious litigant status at the feet of Defendants in this case. Accordingly, Plaintiff's Motion is **DENIED** under Rule 60(b).

II. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion for the Court to Remove an Order Barring Plaintiff from Asserting Future Title VII Complaints (#41) is **DENIED**.

DATED this 7th day of October 2013.

_____
Kent J. Dawson
United States District Judge